POWELL, APPELLEE, *v.* SOCONY MOBIL OIL CO., INC., APPELLANT.*

(No. 330—Decided November 15, 1960.)

*Messrs. Maddox & Hire*, for appellee.
*Mr. Omar A. Schwart* and *Messrs. Cohen, Baron, Druffel & Hogan*, for appellant.

*Motion to certify the record overruled, May 17, 1961.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Fayette County rendered on a verdict returned in favor of the plaintiff, appellee herein.

In his amended petition the plaintiff, in his first cause of action, seeks damages in the amount of $11,100 for breach of the terms of a lease of certain real estate which the plaintiff owned and which he leased to the defendant, appellant herein, for a term of 5 years, alleging that the defendant failed to surrender possession of the premises at the termination of the lease in as good condition as the same were at the time of the execution of the lease, reasonable wear, tear and damage by fire and the elements excepted, as the lease provided. Plaintiff alleges also the failure to return certain articles of personal property.

The second cause of action sounds in tort. Plaintiff alleges that the premises have been used by him for the purpose of operating a gasoline filling station; that it was located in a residential area in the city of Washington Court House; that it was being used and operated as a nonconforming use under the zoning ordinances of the city of Washington Court House; that the defendant violated such ordinances; and that as a proximate result of such violation the plaintiff was deprived of the use of the premises for commercial purposes. Plaintiff claims damages under the second cause of action in the amount of $33,500.

Plaintiff prays for judgment in the amount of $44,600. The jury returned a verdict for $41,400. The verdict was a general verdict, and no attempt was made to fix the amount of damages for each separate cause of action.

The defendant assigns as error:

1. The damages are excessive and appear to have been rendered under the influence of passion and prejudice.

2. The court erred in submitting the second cause of action to the jury and in overruling the motion for judgment notwithstanding the verdict on the second cause of action.

3. The verdict is against the manifest weight of the evidence.

4. The court erred in its general charge and in refusing to

charge the jury that the measure of plaintiff's damage can not exceed compensation to the plaintiff.

5. The court erred in excluding, to the prejudice of the defendant, certain evidence which was proffered by the defendant.

The record does not disclose any facts from which the court could conclude that the verdict was rendered under the influence of passion and prejudice. We cannot conclude that the verdict was excessive in view of credible evidence as to valuations of the land, building and the going business as claimed in the two causes of action.

Defendant contends that the court erred in submitting the second cause of action to the jury. The defendant claims that the lease did not require the defendant to continue to operate the gasoline filling station and thereby keep alive the nonconforming use for the benefit of the lessor; and that no person is required to respond in damages for the failure to perform an act which he is not legally bound to perform. The evidence on this point in issue is to the effect that both parties knew at the time the lease was executed that the gasoline station was being operated as a nonconforming use. The ordinance of the city of Washington Court House provides that should a nonconforming use not be for a period of more than one year, the nonconforming use is terminated and cannot thereafter be revived.

The evidence shows further that damage was done to the office building soon after the defendant took possession under the lease; that the defendant secured the approval of the plaintiff to make repairs and to remodel the building; that a contractor was engaged by the defendant to do the work, who was supposed to secure a permit from the authorities of the city; that the contractor began to dismantle the building without first securing a permit and was stopped by the city authorities; and that then a permit to do the construction work was applied for, and the application was rejected. The defendant, with the co-operation of the plaintiff, appealed to the zoning board of appeals, which denied the application. Some time thereafter, the exact date being uncertain, the defendant completely dismantled the building. The defendant continued to pay the rent for the full term of the lease, although there was no operation of the business for a period of several years. A few weeks be-

fore the termination of the lease, the defendant notified the plaintiff in writing, as the lease required, that it was terminating the lease and then surrendered possession to the plaintiff.

The plaintiff contends that under this set of facts he was entitled to damages for the loss to him of the nonconforming use, and that the defendant should respond in damages for its failure to keep the nonconforming use alive. The defendant contends that it was not legally bound to do so.

Section 13, part 3 (d) of Ordinance No. 31 of the city of Washington Court House, provides that when a nonconforming use ceases for more than one year the premises shall not again be devoted to a nonconforming use. This ordinance was in effect for a few years prior to the execution of the lease. The ordinance expressly states that it was adopted "for the promotion of the *public health*, safety, convenience, comfort," etc. The lease contained a provision that the "tenant shall comply with all applicable laws and ordinances relating to *health*, nuisance, and fire, and save landlord harmless from noncompliance with the same," etc.

The failure of the lessee to continue to operate the business did not constitute a noncompliance with the city ordinance. Therefore, the lessee was not obligated to save the lessor harmless. There was no provision in the lease whereby the lessee was obligated to operate the business.

In our opinion, the defendant under the terms of the lease was not legally bound to preserve the nonconforming use by continued operation of the gasoline station or to respond in damages. This issue should not have been submitted to the jury.

The motion for judgment notwithstanding the verdict should have been sustained on the second cause of action.

We do not find the verdict to be against the manifest weight of the evidence. It was within the province of the jury to determine what evidence it would believe in determining the financial loss sustained by the plaintiff. We find no error in the general charge or in the refusal to charge as requested by the defendant. In the general charge, the court gave the correct measure of damage for the jury to apply in arriving at an award of damages.

We find no prejudicial error in the ruling of the court respecting the exclusion of evidence.

For error in submiting the second cause of action to the jury, the judgment is reversed. Inasmuch as there is no separation of damages in the verdict as to the two causes of action, the judgment must be reversed in its entirety and the cause remanded for new trial.

*Judgment reversed.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.